**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff, | **CRIM NO. 22-510 (ADC)**<br>**23-312 (RAM)** |
| v. | |
| **KERVIN DE JESUS - RIVERA**<br>Defendant. | |

**PLEA AND FORFEITURE AGREEMENT**
**Pursuant to Fed. R. Crim. P. 11(c)(1)(B)**

*(stamp: RECEIVED & FILED CLERK'S OFFICE MAY 27 2025 US DISTRICT COURT SAN JUAN, PR)*

**TO THE HONORABLE COURT:**

The United States of America, the Defendant, Kervin de Jesus-Rivera, and the

Defendant's counsel, Carlos Sanchez-La Costa, Esq., pursuant to Federal Rule of

Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and

conditions of which are as follows:

### 1. Charges to which the Defendant will Plead Guilty

**Criminal Case No. 22-cr-510 (ADC)**

The Defendant agrees to plead guilty to Count One of the Superseding

Indictment in criminal case 22-510 (ADC). As charged, Count One of the Superseding

Indictment provides:

<u>Count One</u>:  Beginning on a date unknown, but not later than November 2021,

and continuing up to and until April 2023, in the District of Puerto Rico, elsewhere,

and within the jurisdiction of this Court, Kervin de Jesus-Rivera, the defendant herein,

knowingly and intentionally combined, conspired, confederated, and agreed together

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

with others known and unknown to the Grand Jury, to import into the United States from any place outside thereof, including the Country of the Dominican Republic, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), (b)(1)(B)(ii), and 963.

However, However, Defendant agrees to plead guilty to the lesser included offense in Count One of the Superseding Indictment, that is,

Beginning on a date unknown, but not later than November 2021, and continuing up to and until April 2023, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Kervin de Jesus-Rivera, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed together with others known and unknown to the Grand Jury, to import into the United States from any place outside thereof, including the Country of the Dominican Republic, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(2)(B)(ii) and 963.

**Criminal Case No. 23-cr-312 (RAM)**

Additionally, defendant agrees to plead guilty to Count One of the Indictment in case number 23-312(RAM):

Count One: Beginning on a date unknown to the Grand Jury but not later than September 16, 2021, and continuing through the return of this Indictment, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, the

defendant Kervin De Jesus Rivera knowingly and intentionally conspired and agreed with other persons known and unknown to the Grand Jury to violate 18 U.S.C. §§ 1956 and 1957, including by:

a) knowingly conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956( (B)(i);

b) knowingly transporting, transmitting, and transferring, and attempting to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing the monetary instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the

control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c) knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

## 2. Stipulation as to the Amount of Narcotics in Criminal Case No. 22-510

Notwithstanding Defendant's guilty plea to a lesser included drug offense for purposes of the applicable statutory penalties, the United States of America and the Defendant stipulate for the purposes of this Plea Agreement that the Defendant shall be accountable for importing into the United States 50 kilograms of cocaine but less than 150 kilograms of cocaine. The Defendant acknowledges that the defendant understands that the Court is not required to accept the parties' stipulation regarding the applicable drug weight.

## 3. Maximum Penalties

**Criminal Case No. 22-cr-510 (ADC)**

As charged, in regards to Count One, the penalty for the offense charged is a term of imprisonment which shall not be less than ten (10) years and up to life imprisonment, a fine not to exceed ten million dollars ($10,000,000), and a term of supervised release of at least five (5) years in addition to any term of incarceration,

pursuant to 21 U.S.C. §960(b)(1)(B)(ii).

However, for purposes of this plea agreement and based on Defendant's guilty plea to a lesser included drug offense, the penalty for the offense is a term of imprisonment which shall not be less than five (5) years or more than forty (40) years; a fine not to exceed five million dollars ($5,000,000); and a supervised release term of at least four (4) years, pursuant to 21 U.S.C. § 960(b)(2)(B)(ii).

**Criminal Case No. 23-cr-312 (RAM)**

Count One: The maximum statutory penalties for the offense charged in Count One of the Indictment in case number 23-312 (RAM), is a term of imprisonment of not more than 20 years, a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, pursuant to 18 U.S.C. § 1956(a)(1); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2). There is also a civil penalty of not more than the greater of the value of the property, funds, or monetary instruments involved in the transaction; or $10,000.00.



**4. Sentencing Guidelines Applicability**

The Defendant understands that the sentence will be imposed by the Court in accordance with Title 18, United States Code, Sections 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, the Defendant acknowledges that parole has been abolished, and that the imposition of the Defendant's sentence may not be suspended.

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

## 5. Special Monetary Assessment

The Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013 (a)(2)(A).

## 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order the Defendant to pay a fine. The Court may also impose restitution. The Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and the Defendant submit that the advisory Guidelines calculations listed below apply to the Defendant. However, the

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE – Case 22-510 (ADC) and COUNT ONE – Case 23-312 (RAM)<br>21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963<br>18 U.S.C. § 1956(h) | |
|---|---|
| Base Offense Level more than 50 kilograms of cocaine less than 150 kilograms of cocaine §2D1.1 (c)(2) | 34 |
| Convicted under § 1956, § 2S1.1(b)(2)(B) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| Downward Variance for Early Acceptance of Responsibility, thereby conserving valuable judicial and prosecutorial resources | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 31 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |

*KJDJR*

9. **Sentence Recommendation**

As to Count One for Criminal Case No. 22. 22-cr-510 (ADC) and Count One for Criminal Case No. 23-cr-312 (RAM), and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a variant sentence. The defendant will request a sentence eighty-seven (87) months and the Government will request a sentence of imprisonment of one hundred and twenty (120) months, regardless of the criminal history determined by the Court.

Further, the parties agree to request the sentence imposed by the Court be concurrent to the sentence that the defendant is serving related to *United States v. Kervin De Jesus Rivera* 22-cr-112 (WCG) from the Eastern District of Wisconsin.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 10. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a two-level downward variance from the applicable sentencing guidelines in recognition of the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

## 11. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant. However, the parties agree that criminal case *United States v. Kervin De Jesus Rivera* 22-cr-112 (WCG) from the Eastern District of Wisconsin is relevant conduct to Count One of Superseding Indictment in Criminal Case No. 22-cr-510 (ADC) and Count One of Indictment in Criminal Case No. 22-cr-6312 (RAM) pursuant to U.S.S.G. §5G1.3 (b)(1) and §5K2.23; therefore, it should not count towards defendant's criminal history.

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

## 12. Waiver of Appeal

The Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 13. No Further Adjustments or Departures

The United States and the Defendant agree that no further adjustments or departures to the Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by the Defendant. The parties agree that any request by the Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 14. Satisfaction with Counsel

The Defendant is satisfied with counsel, Carlos Sanchez-La Costa, Esq., and asserts that counsel has rendered effective legal assistance.

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

## 15. Rights Surrendered by the Defendant Through Guilty Plea

The Defendant understands that by entering into this Plea Agreement, the Defendant surrenders and waives certain rights as detailed in this agreement. The Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, the Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and the Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, Defendant could testify on the Defendant's own behalf.

## 16. Stipulation of Facts

The accompanying Stipulation of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. The Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. The Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 17. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant. It does not bind any other federal district, state, or local authorities.

## 18. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 19. Amendments to Plea Agreement

No other promises, terms, or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 20. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictments pending against the Defendant in Case numbers 22-510 (ADC) and 23-312 (RAM).

## 21. Voluntariness of Plea Agreement

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

## 22. Breach and Waiver

The Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, the Defendant: (a) fails to perform or to fulfill completely each and every one of the Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw the Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and the Defendant will not have the right to withdraw the guilty plea. Moreover, the Defendant agrees that if the Defendant is in breach of the Plea Agreement, the Defendant is deemed to have waived any objection to the reinstatement of any charges under the Superseding Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

### 23. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 24. Felony Conviction

The Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 25. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses charged in Count One of case number 22-510 (ADC) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. Defendant agrees to forfeit the aforementioned property under 21 U.S.C. § 853.

Defendant further agrees to waive and forgo any interests or claims over all property, real or personal, involved in the offense charged in Count One of case number 23-312 (RAM), and all property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which the Defendant is pleading guilty. The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive the Defendant,

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney


_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated:  5. 7. 2025


_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Chief
Asset Recovery & Money Laundering Section
Dated:  5. 7. 2025


_____
Ryan R. McCabe
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated:  May 7, 2025


_____
Carlos Sanchez-La Costa, Esq.
Counsel for Defendant
Dated:  05/24/2025


_____
Kervin De Jesus-Rivera
Defendant
Dated:  5/24/2025

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and vol      ily agree to it.

Date: 5/24/2025

Kervin De Jesus-Rivera
Defendant

I am the attorney for the Defendant. I have fully explained the Defendant's rights to the Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to the Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

Date: 05/24/2025

Carlos Sánchez-La Costa
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant— Kervin De Jesus Rivera, admits that the Defendant is guilty as charged in the Superseding Indictment and the Indictment detailed below and admits the following:

**Criminal Case No. 22-cr-510 (ADC)**

Beginning on a date unknown, but not later than November 2021, and continuing up to and until April 2023, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Kervin De Jesus Rivera, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed together with others known and unknown to the Grand Jury, to import into the United States from any place outside thereof, including the Country of the Dominican Republic, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), (b)(1)(B)(ii), and 963. Defendant further admits that he conspired to import into the United States more than 50 kilograms of cocaine but less than 150 kilograms of cocaine

Specifically, as part of the conspiracy, defendant Kervin de Jesus Rivera received monetary compensations in order for other members of the conspiracy to use a seafox vessel to import into Puerto Rico multikilogram quantities of cocaine from a place outside of the United States.

On May 10, 2022, Kervin De Jesus Rivera was arrested in relation to *United*

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

*States v. Kervin De Jesus Rivera* 22-cr-112 (WCG) from the Eastern District of Wisconsin and has remained in federal custody.

**Criminal Case No. 23-cr-312 (RAM)**

Defendant Kervin De Jesus Rivera also admits that beginning on a date unknown to the Grand Jury but not later than September 16, 2021, and continuing through the return of this Indictment, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, defendant Kervin De Jesus Rivera knowingly and intentionally conspired and agreed with other persons known and unknown to the Grand Jury to violate 18 U.S.C. §§ 1956 and 1957, including by:

a)      knowingly conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b)      knowingly transporting, transmitting, and transferring, and attempting to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing the monetary

18 | P a g e

instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer is designed in whole and in part to conceal and disguise the nature, ‌ location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c)    knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

Specifically, on March 24, 2022, Kervin De Jesus Rivera delivered $199,940 in cash to an undercover agent in Puerto Rico. "De Parte De Juaco" was the secret code and the parties exchanged a dollar-bill token. The currency was inside a green, black, and gold Gucci shopping bag pulled from the trunk of the car. Kervin De Jesus Rivera signed the token and wrote the amount on it. Kervin De Jesus Rivera told the UC he was collecting more money, about $600,000. The DEA later presented the currency, which was mostly $20-bills, to a narcotics-detection dog, which produced a positive alert.

On April 11, 2022, Kervin De Jesus Rivera delivered $201,096 in cash to an undercover agent in Puerto Rico using the same car he used to deliver currency to the DEA on March 24, 2022. "De Parte De Chucho" was the secret code and the parties

exchanged a dollar-bill token. The currency was inside two plastic bags within a larger cardboard box. Kervin De Jesus Rivera explained the contents of the box and bags and signed the token and wrote the amount on it. Kervin De Jesus Rivera told UC he was the owner of the money and said he counted it.

On May 10, 2022, Kervin De Jesus Rivera delivered $197,060 in cash to an undercover agent in Puerto Rico. "De Parte De Juancho" was the secret code and the parties exchanged a dollar-bill token. The currency was inside plastic bags. The money was seized during a traffic stop that occurred while De Jesus-Rivera was going to meet the UC. The DEA later presented the currency, which was mostly $20-bills, to a narcotics-detection dog, which produced a positive alert.

USA v. [13] Kervin de Jesus Rivera, 22-510 (ADC) & USA v. Kervin de Jesus Rivera 23-312 (RAM)

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant Kervin De Jesus Rivera's is guilty as charged in Count One of the Superseding Indictment in case number 22-510 (ADC) and Count One of the Indictment in case 23-312 (RAM). Discovery was provided to the defense in a timely manner.

Ryan R. McCabe
Assistant U.S. Attorney
Dated: May 23, 2025

Carlos M. Sanchez La Costa
Counsel for Defendant
Dated: 05/24/2025

Kervin de Jesus Rivera
Defendant
Dated: 5/24/2025