IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[17] PAUL O'BRYAN AGOSTO-MERCADO<br>Defendant. | CRIM NO. 22-510 (ADC) |

## PLEA AND FORFEITURE AGREEMENT
## PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(B)

**TO THE HONORABLE COURT:**

The United States of America, the Defendant, Paul O'Bryan Agosto-Mercado, and the Defendant's counsel, Rosa Ivette Bonini-Laracuente, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

**1. Charges to which the Defendant will Plead Guilty**

The Defendant agrees to plead guilty to Count One of the Fourth Superseding Indictment. As charged, Count One of the Fourth Superseding Indictment provides:

Count One: Beginning on a date unknown, but not later than November 2021, and continuing up to and until April 2023, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Paul O'Bryan Agosto-Mercado, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to import into the United States from any place outside thereof, including the Country of the Dominican

Republic, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), (b)(1)(B)(ii), and 963.

## 2. Stipulation as to the Amount of Narcotics

The United States of America and the Defendant stipulate for the purposes of this Plea Agreement that the Defendant shall be accountable for importing into the United States more than fifteen (15) kilograms of cocaine but less than fifty (50) kilograms of cocaine. The Defendant acknowledges that the Court is not required to accept the parties' stipulation regarding the applicable drug weight.



## 3. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Fourth Superseding Indictment, the penalty for the offense charged is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, Section 3571(b) or ten million dollars ($10,000,000.00); and a supervised release term of at least five (5) years, all pursuant, to 21 U.S.C. § 960(b)(1)(B).



## 4. Sentencing Guidelines Applicability

The Defendant understands that the sentence will be imposed by the Court in accordance with Title 18, United States Code, Sections 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the

United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, the Defendant acknowledges that parole has been abolished, and that the imposition of the Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

The Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order the Defendant to pay a fine. The Court may also impose restitution. The Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and the Defendant submit that the advisory Guidelines calculations listed below apply to the Defendant. However, the Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), 963 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level more than 15 kilograms but less than 50 kilograms of cocaine § 2D1.1(c)(4) | | | | 32 | |
| Possession of a Dangerous Weapon § 2D1.1(b)(1) | | | | +2 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | **31** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |

### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree that the parties will recommend a sentence of one hundred twenty (120) months of imprisonment, regardless of the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant.

### 11. Waiver of Appeal



The Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and the Defendant agree that no further adjustments or departures to the Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by the Defendant. The parties agree that any request by the Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

### 13. Satisfaction with Counsel

The Defendant is satisfied with counsel, Rosa Ivette Bonini-Laracuente, Esq., and asserts that counsel has rendered effective legal assistance.

### 14. Rights Surrendered by the Defendant Through Guilty Plea

The Defendant understands that by entering into this Plea Agreement, the Defendant surrenders and waives certain rights as detailed in this agreement. The Defendant understands that the rights of criminal defendants include the following:



a. If the Defendant had persisted in a plea of not guilty to the charges, the Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and the Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. The Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. The Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 18. Amendments to Plea Agreement

No other promises, terms, or conditions will be entered into between the parties unless they are in writing and signed by all parties.



### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Superseding Indictment pending against the Defendant in this case.

### 20. Voluntariness of Plea Agreement

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

### 21. Breach and Waiver



The Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, the Defendant: (a) fails to perform or to fulfill completely each and every one of the Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw the Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and the Defendant will not have the right to withdraw the guilty plea. Moreover, the Defendant agrees that if the Defendant is in breach of the Plea Agreement, the Defendant is deemed to have waived any objection to the reinstatement of any charges under the Superseding Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction



The Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Forfeiture Provision

The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted. The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to the commission of the offense alleged in the

Fourth Superseding Indictment and the following specific property:

(a) One 1999 Boston Whaler vessel with two Suzuki 4 stroke DF-300AP engines, haul number BWCAJ434F399, Puerto Rico registration number PR-4292-AD;

(b) One 1999 Boston Whaler vessel with two Mercury Optimax 225 engines, haul number BWCAJ213G899, Puerto Rico registration number PR-7816-AC;

(c) one 1974 Uniflite 42' vessel, Puerto Rico registration number PR-1497-AA;

(d) Lot of land marked "A" in the area located at París Ward in the municipality of Lajas, Puerto Rico, with a superficial area of 1.0232 *cuerdas*, equivalent to 40 areas, 21 centares and 8673 milliares or 4021.8673 square meters. In boundaries by the NORTHWEST, in 5.44 meters, 49.06 meters and 51.26 meters, with the strip of public use that separates it from Road 306; by the SOUTH, in 85.48 meters with lands of Angel Pérez; and by the WEST, in 82.50 meters with the lot "B" that will be awarded to the heiress María Gladys Rivera Toro;

(e) Lot marked with the number 7B on the inscription survey located at Martín González Ward in the municipality of Carolina, Puerto Rico, with a surface area of 895.2092 square meters, equivalent to 0.2278 cuerdas. Its boundaries are by the NORTH, in an alignment of 16.158 linear meters with the municipal Street Las Virtudes; on the EAST, in an alignment of 15.338 linear meters with lot number 1; on the WEST, in four alignments totaling

33.010 linear meters with the municipal Street El Amor; and by the SOUTH, in two alignments totaling 23.495 linear meters with a strip of land to be dedicated for public use. This lot is affected by an easement of 3.00 meters wide corresponding to existing rainwater pipe of 48 inches in diameter that runs from West to East, from the municipal Street El Amor;

(f) Lot marked with the number 7C on the inscription survey located at Martín González Ward in the municipality of Carolina, Puerto Rico, with a surface area of *803.3940* square meters, equivalent to 0.2044 *cuerdas*. Its boundaries are by the NORTH, in an alignment of 35.348 meters with lot number 1; on the SOUTH, in four alignments totaling 34.585 meters with a strip of land to be dedicated for public use; on the EAST, in an alignment of 15.125 meters with lot number 1; and on the WEST, in an alignment of 36.551 meters with lot number 7B;

(g) One 2022 white RAM 3500 Longhorn bearing Puerto Rico license plate number 1098499, with vin number Serial: 3C63R3NL0NG175009 with an attached boat trailer;

(h) One 2014 black Toyota Tundra, bearing Puerto Rico license number 1014106, with vin number 3C6UR5DL6NG213344 with an attached boat trailer;

(i) 2009 Ford Econoline E350 Super Duty Van White, bearing Puerto Rico license plate number 1054130, with VIN number 1FTSE34P79DA02532;

(j) a 2007 white Dutchcraft Camp Trailer, bearing Vehicle Identification

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

number 47CTD2K237M429890;

(k) 2015 white Jayco Inc. Trailer bearing Puerto Rico license plate number 180488A, Vehicle Identification number 1UJBJ0BN8F1TB0359;

(l) White and black framed Star Stream trailer;

(m) All United States currency on deposit in Account Number XXX-XXX518 at Banco Popular Puerto Rico held in the name of "JX PR Services Air Conditioning and Contracting Corp."

(n) All United States currency on deposit in Account Number XXX-XXX430 at Banco Popular Puerto Rico held in the name of "JX Petroleum LLC."; and

(o) All United States currency on deposit in Account Number XXXXXX772 at Banco Popular Puerto Rico held in the name of "Xiomarie V. Marrero"

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

The Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which the Defendant is pleading guilty. The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

Myriam Y. Fernández-González
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: _July 21, 2025_

María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: _July. 25. 2025_

Rosa Ivette Bonini-Laracuente, Esq.
Counsel for Defendant
Dated: _9/3/2025_

Paul O'Bryan Agosto-Mercado
Defendant
Dated: _9/3/2025_

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)


Ryan R. McCabe
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: _____


for: _____
María Cristina Semanaz Ojeda
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: _____

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: ___9/3/2025___        _____
                             Paul O'Bryan Agosto-Mercado
                             Defendant

I am the attorney for the Defendant. I have fully explained the Defendant's rights to the Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to the Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

Date: ___9/3/2025___        _____
                             Rosa Ivette Bonini-Laracuente
                             Counsel for Defendant

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant—Paul O'Bryan Agosto-Mercado admits that the Defendant is guilty as charged in the Fourth Superseding Indictment and admits the following:

Beginning on a date unknown, but not later than November 2021, and continuing up to and until April 2023, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Paul O'Bryan Agosto-Mercado, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to import into the United States from any place outside thereof, including the Country of the Dominican Republic, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance.

The Defendant was a member of a Drug Trafficking Organization that imported kilograms of cocaine into the District of Puerto Rico. The Drug Trafficking Organization would send through the United States Postal Service a portion of the kilograms of the cocaine that had been imported to Paul O'Bryan Agosto-Mercado in Brooklyn, New York, where they would be redistributed. During the conspiracy members of the Drug Trafficking Organization openly possessed and carried weapons. The Defendant upon returning to Puerto Rico sent kilograms of cocaine through the United States Postal Service to the Continental United States.

The Defendant admits that he conspired to import into the United States more than 15 kilograms of cocaine but less than 50 kilograms of cocaine. The Defendant

16 | P a g e

United States v. [17] Paul O'Bryan Agosto-Mercado, 22-cr-510 (ADC)

knew that the cocaine came from outside of the United States. Further, it was foreseeable to the Defendant that members of conspiracy would possess weapons in furtherance of the conspiracy.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt that Paul O'Bryan Agosto-Mercado is guilty as charged in Count One of the Fourth Superseding Indictment. Discovery was timely made available to the Defendant for review.

Ryan R. McCabe
Assistant U.S. Attorney
Dated: July 15, 2025

Rosa Ivette Bonini-Laracuente, Esq.
Counsel for Defendant
Dated: 9/3/2025

Paul O'Bryan Agosto-Mercado
Defendant
Dated: 9/3/2025